■ JOHN VAZQUEZ, Respondent, v. VELVA MANUFACTURING CO., INC., Appellant.— In an action to recover damages for personal injury, which resulted *inter alia* in the amputation of plaintiff's right hand above the wrist, the defendant appeals from so much of an order of the Supreme Court, Kings County, entered August 31, 1964, as granted plaintiff's motion: (1) to amend and increase the *ad damnum* clause in the complaint; and (2) to amend the complaint and the bill of particulars in certain other respects. Order, insofar as appealed from, affirmed, with $10 costs and disbursements. No opinion. Beldock, P. J., Christ, Brennan and Benjamin, JJ., concur; Ughetta, J., dissents in part and votes to modify the order and to deny the motion in part, with the following memorandum: In my opinion, plaintiff's proposed amended bill of particulars, insofar as plaintiff has alleged therein that defendant was negligent in failing to equip its power press with "a non-repeating safety device * * * contrary to * * * custom and usage," amounted to a substantial change in the theory upon which recovery was originally sought. The negligence asserted in the original complaint was that defendant had maintained the power press "in a negligent fashion, in that it was defective and contained a latent defect not apparent to the plaintiff". The natural inference to be drawn from such an allegation is that the power press had been allowed to deteriorate and that a latent, dangerous defect had developed. To now confront defendant, on the eve of trial, with the allegation that it was negligent in failing to improve the machine as originally constructed by adding a safety device commonly used is, in my view, to alter substantially the theory of liability originally asserted and is highly prejudicial (cf. *Solomon* v. *Somerman,* 18 A D 2d 696; *Crombie* v. *Miller,* 14 A D 2d 895). Accordingly I would deny the plaintiff's motion insofar as plaintiff seeks to add any such new allegations.